## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOCATION BASED SERVICES, LLC, | |
| Plaintiff, | |
| v. | C.A. No.: _____ |
| GOOGLE LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

This is an action for patent infringement in which Location Based Services, LLC ("Plaintiff") makes the following allegations against Google LLC ("Defendant") for infringement of U.S. Patent Nos. 7,734,073, 8,805,027, 9,286,729, 7,729,708, and 8,107,691 (collectively, the "Asserted Patents"):

## PARTIES

1.      Plaintiff Location Based Services, LLC is a Texas limited liability company, with a registered agent located at 719 Sawdust Rd., #204, The Woodlands, TX 77380.

2.      Google LLC is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, CA 94043.  Defendant may be served with process through its registered agent: Corporation Service Company, 251 Little Falls Dr., Wilmington, DE 19808.

## JURISDICTION AND VENUE

3.      This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271(a)-(b), 281, and 284 - 85.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1400(b).  Defendant is incorporated in this district.

5.     Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this district.

## THE ASSERTED PATENTS

6.     The Asserted Patents are directed to an unconventional and innovative practice of mapping a visual path and mapping to provide goal-oriented instructions.

7.     On June 8, 2010, United States Patent No. 7,734,073 (the "'073 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Image Mapping to Provide Visual Geographic Path."  A true and correct copy of the '073 patent is attached hereto as Exhibit A.

8.     On August 12, 2014, United States Patent No. 8,805,027 (the "'027 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Image Mapping to Provide Visual Geographic Path."  A true and correct copy of the '027 patent is attached hereto as Exhibit B.

9.     On March 15, 2016, United States Patent No. 9,286,729 (the "'729 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Image Mapping to Provide Visual Geographic Path."  A true and correct copy of the '729 patent is attached hereto as Exhibit C.

10.     On June 1, 2010, United States Patent No. 7,729,708 (the "'708 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Mapping and System for Interactive Mapping to Provide Goal-Oriented Instructions." A true and correct copy of the '708 patent is attached hereto as Exhibit D.

11.     On January 31, 2012, United States Patent No. 8,107,691 (the "'691 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Image Mapping to Provide Visual Geographic Path."  A true and correct copy of the '691 patent is attached hereto as Exhibit E.

12.     Plaintiff is the owner of the Asserted Patents with all rights in and to the Asserted Patents.

13.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287 with regards to the Asserted Patents, Plaintiff has complied with such requirements.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,734,073

14.     Defendant directly or through its intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems that infringes the claims of the '073 patent (*i.e.*, Google Maps App for iOS and Android, maps.google.com, and the Pixel series smartphones (the "Accused Instrumentalities")).

15.     Upon information and belief, Defendant has been and is now infringing claims 1, 4, 5, 9, 10, 11, 17, 21, and 22 of the '073 Patent in the State of Delaware, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale Google Maps App for iOS and Android, maps.google.com, and the Pixel series smartphones, covered by one or more claims of the '073

Patent to the injury of Plaintiff. Defendant is directly infringing, literally infringing, and/or infringing the '073 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '073 Patent pursuant to 35 U.S.C. § 271(a).

16.     When placed into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 1 of the '073 Patent as they perform a method for a display device to receive a mapped visual path, the method comprising: transmitting a request for the mapped visual path, the request including at least two input path parameters associated with the mapped visual image path; the transmitting including: transmitting a location parameter as one of at least two input path parameters; transmitting a time parameter as one of at least two input path parameters; and receiving from a processing device the mapped visual image path, wherein the mapped visual path including at least two images of a predefined area identified by at least two input path parameters, the mapped visual path being an integration of at least two images and at least two input path parameters; and displaying the mapped visual path, the mapped visual path including at least two images after a stitching operation is performed on at least two images. (*See* Ex. A-1, Figs. 1-11; A-2, Figs. 1-7; and A-3, Figs. 1-8.)

17.     When placed into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 4 of the '073 Patent as they perform a method of claim 1, and further, wherein the receiving from a processing device a mapped visual path, the mapped visual path including at least two images of a predefined area identified by at least two input path parameters, the mapped visual path being an integration of at least two images and at least two input path parameters includes receiving the mapped visual path, the mapped visual path including an integration of an image history taken from one or more public cameras and/or one

or more private cameras and at least two input path parameters. (*See* Ex. A-1, Figs. 1-11; A-2, Figs. 1-7; and A-3, Figs. 1-8.)

18.     When placed into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 5 of the '073 Patent as they perform a method of claim 1, and further, wherein the receiving from a processing device a mapped visual path, the mapped visual path including at least two images of a predefined area identified by at least two input path parameters, the mapped visual path being an integration of at least two images and at least two input path parameters includes: connecting to a server operably couplable to a mobile device to wirelessly receive at least two images.  (*See* Ex. A-1, Figs. 1-11; A-2, Figs. 1-7; and A-3, Figs. 1-8.)

19.     When placed into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 9 of the '073 Patent as they perform a method of claim 1, and further, wherein the receiving from a processing device a mapped visual path, the mapped visual path including at least two images of a predefined area identified by at least two input path parameters, the mapped visual path being an integration of at least two images and at least two input path parameters includes: displaying the mapped visual path, the mapped visual path including at least two images after a stitching operation is performed on at least two images. (*See* Ex. A-1, Figs. 1-11; A-2, Figs. 1-7; and A-3, Figs. 1-8.)

20.     When placed into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 10 of the '073 Patent as they perform a method of claim 1, and further, wherein the receiving from a processing device a mapped visual path, the mapped visual path including at least two images of a predefined area identified by at least two input path parameters, the mapped visual path being an integration of at least two images and at least two

input path parameters includes: displaying the mapped visual path, the mapped visual path being scrollable with respect to the predefined area. (*See* Ex. A-1, Figs. 1-11; A-2, Figs. 1-7; and A-3, Figs. 1-8.)

21.    Maps.google.com and Google Maps for iOS and Android infringe claim 11 of the '073 Patent as they are a computer program product comprising: computer readable media bearing computer executable instructions including: at least two instructions for transmitting a request for the mapped visual path, the request including one or more input path parameters associated with the mapped visual path, including: at least two instruction for transmitting a location parameter as one of at least two input path parameters; at least two instruction for transmitting a time parameter as one of at least two input path parameters; and at least two instructions for receiving from a processing device a mapped visual path, the mapped visual path including at least two images of a predefined area identified by at least two input path parameters, the mapped visual path being an integration of at least two images and at least two input path parameters, including; at least two instructions for displaying the mapped visual path, the mapped visual path being scrollable with respect to the predefined area.  (*See* Ex. A-1, Figs. 1-11; A-2, Figs. 1-7; and A-3, Figs. 1-8.)

22.    When placed into operation by Defendant or its end users, maps.google.com and Google Maps for iOS and Android infringe claim 17 of the '073 Patent as they meet the limitations of claim 11, and further, wherein at least two instructions for receiving from a processing device a mapped visual path, the mapped visual path including at least two images of a predefined area identified by at least two input path parameters, the mapped visual path being an integration of at least two images and at least two input path parameters includes: one or more

instructions for connecting to a server operably couplable to a mobile device to wirelessly receive at least two images.  (*See* Ex. A-1, Figs. 1-11; A-2, Figs. 1-7; and A-3, Figs. 1-8.)

23.     When placed into operation by Defendant or its end users, maps.google.com and Google Maps for iOS and Android infringe claim 21 of the '073 Patent as they meet the limitations of claim 11, and further, wherein at least two instructions for receiving from a processing device a mapped visual path, the mapped visual path including at least two images of a predefined area identified by at least two input path parameters, the mapped visual path being an integration of at least two images and at least two input path parameters includes: one or more instructions for displaying the mapped visual path, the mapped visual path including at least two images after a stitching operation is performed on at least two images.  (*See* Ex. A-1, Figs. 1-11; A-2, Figs. 1-7; and A-3, Figs. 1-8.)

24.     When placed into operation by Defendant or its end users, maps.google.com and Google Maps for iOS and Android infringe claim 22 of the '073 Patent as they meet the limitations of claim 11, and further, wherein at least two instructions for receiving from a processing device a mapped visual path, the mapped visual path including at least two images of a predefined area identified by at least two input path parameters, the mapped visual path being an integration of at least two images and at least two input path parameters includes: one or more instructions for displaying the mapped visual path, the mapped visual path being scrollable with respect to the predefined area.  (*See* Ex. A-1, Figs. 1-11; A-2, Figs. 1-7; and A-3, Figs. 1-8.)

25.     As a result of Defendant's infringement of the '073 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## COUNT II
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,805,027

26.     Defendant directly or through its intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.*, the Accused Instrumentalities) that infringe claims 1, 2, and 7 of the '027 patent.

27.     Upon information and belief, Defendant has been and is now infringing claims 1, 2, and 7 of the '027 Patent in the State of Delaware, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale the Google Maps App for iOS and Android and maps.google.com, covered by one or more claims of the '027 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '027 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '027 Patent pursuant to 35 U.S.C. § 271(a).

28.     When placed into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 1 of the '027 Patent as they perform a method comprising: transmitting a request for a mapped visual path, the request including at least two input path parameters associated with the mapped visual path, including at least: transmitting a location parameter as one of at least two input path parameters; and transmitting a time parameter as one of at least two input path parameters; receiving a mapped visual path, the mapped visual path including at least two images of a predefined area identified by at least two input path parameters, the mapped visual path being an integration of at least two images and at least two input path parameters, including at least one image associated with at least one of a location or time, at least one of a location or time associated with the request for a mapped visual path; and

displaying the mapped visual path, the mapped visual path being scrollable with respect to the predefined area. (*See* Ex. B-1, Figs. 1-11; B-2, Figs. 1-9; B-3, Figs. 1-8.)

29.    When placed into operation by Defendant or its end users, the Accused Instrumentalities infringe claim 2 of the '027 Patent as they perform a method of claim 1, and further, wherein displaying the mapped visual path, the mapped visual path being scrollable with respect to the predefined area comprises: displaying the mapped visual path including at least displaying at least one image correlated with at least one of a location or time associated with the request for a path. (*See* Ex. B-1, Figs. 1-11; B-2, Figs. 1-9; B-3, Figs. 1-8.)

30.    Maps.google.com and Google Maps for iOS and Android infringe claim 7 of the '027 Patent as they are computer program product, comprising:   at least one non-transitory computer readable medium including at least: one or more instructions for transmitting a request for a mapped visual path, the request including at least two input path parameters associated with the mapped visual path, including at least: one or more instructions for transmitting a location parameter as one of at least two input path parameters; and one or more instructions for transmitting a time parameter as one of at least two input path parameters; one or more instructions for receiving a mapped visual path, the mapped visual path including at least two images of a predefined area identified by at least two input path parameters, the mapped visual path being an integration of at least two images and at least two input path parameters, including at least one image associated with at least one of a location or time, at least one of a location or time associated with the request for a mapped visual path; and one or more instructions for displaying the mapped visual path, the mapped visual path being scrollable with respect to the predefined area. (*See* Ex. B-1, Figs. 1-11; B-2, Figs. 1-9; B-3, Figs. 1-8.)

31.     As a result of Defendant's infringement of the '027 Patent, Plaintiff has suffered

monetary damages and is entitled to a money judgment in an amount adequate to compensate for

Defendant's infringement, but in no event less than a reasonable royalty for the use made of the

invention by Defendant, together with interest and costs as fixed by the court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 9,286,729

32.     Defendant directly or through its intermediaries, makes, uses, imports, sells,

and/or offers for sale products and/or systems (*i.e.*, the Pixel series smartphones) that infringe the

claims of the '729 patent.

33.     Upon information and belief, Defendant has been and is now infringing claims 1,

3, 4, 5, 6, 7, 8, 9, 10, 11, 14, 18, 23, 24, 25, 28, and 29 of the '729 Patent in the State of

Delaware, in this Judicial District, and elsewhere in the United States, by, among other things,

directly or through intermediaries, making, using, selling and/or offering for sale the Pixel series

smartphones, covered by one or more claims of the '729 Patent to the injury of Plaintiff.

Defendant is directly infringing, literally infringing, and/or infringing the '729 Patent under the

doctrine of equivalents.  Defendant is thus liable for infringement of the '729 Patent pursuant to

35 U.S.C. § 271(a).

34.     The Pixel series smartphones infringe claim 1 of the '729 Patent.  They are a

system facilitating receipt by a display device of a mapped visual path, comprising: at least one

processing device; and at least one non-transitory computer-readable medium bearing one or

more instructions which, when executed on at least one processing device, cause at least one

processing device to be configured to include at least: circuitry for transmitting a request for the

mapped visual path, the request including at least one or more input path parameters associated

with the mapped visual path, the one or more input path parameters including a location

parameter, a time parameter, and an identification of a user of the display device; circuitry for receiving the mapped visual path, the mapped visual path including at least one or more images of a predefined area related to the one or more input path parameters, the mapped visual path being an integration of the one or more images and the one or more input path parameters, the mapped visual path including at least one or more stitched images associated with one or more stitching operations performed on at least some of the one or more images; and circuitry for displaying the mapped visual path. (*See* Ex. C-1, Figs. 1-9.)

35.     The Pixel series smartphones infringe claim 3 of the '729 Patent. They meet the limitations of claim 1, and further, wherein the circuitry for transmitting a request for the mapped visual path, the circuitry for receiving the mapped visual path, and the circuitry for displaying the mapped visual path are effected in the display device. (*See* Ex. C-1, Figs. 1-9.)

36.     The Pixel series smartphones infringe claim 4 of the '729 Patent. They meet the limitations of claim 1, and further, wherein circuitry for receiving the mapped visual path including at least one or more images of a predefined area related to the one or more input path parameters, the mapped visual path being an integration of the one or more images and the one or more input path parameters, the mapped visual path including at least one or more stitched images associated with one or more stitching operations performed on at least some of the one or more images comprises: circuitry for receiving the mapped visual path, the mapped visual path at least partially associated with an image history taken from at least one of one or more public cameras or one or more private cameras. (*See* Ex. C-1, Figs. 1-9.)

37.     The Pixel series smartphones infringe claim 5 of the '729 Patent. They meet the limitations of claim 1, and further, wherein circuitry for receiving the mapped visual path including at least one or more images of a predefined area related to the one or more input path

parameters, the mapped visual path being an integration of the one or more images and the one or more input path parameters, the mapped visual path including at least one or more stitched images associated with one or more stitching operations performed on at least some of the one or more images comprises: circuitry for receiving the mapped visual path, the mapped visual path at least partially associated with connecting to a server operably couplable to a mobile device to wirelessly receive the one or more images.  (*See* Ex. C-1, Figs. 1-9.)

38.     The Pixel series smartphones infringe claim 6 of the '729 Patent.  They meet the limitations of claim 1, and further, wherein circuitry for displaying the mapped visual path comprises: circuitry for enabling a user of at least one of a fixed device or a mobile device to display the mapped visual path.  (*See* Ex. C-1, Figs. 1-9.)

39.     The Pixel series smartphones infringe claim 7 of the '729 Patent.  They meet the limitations of claim 1, and further, wherein circuitry for transmitting a request for the mapped visual path, the request including at least one or more input path parameters associated with the mapped visual path, the one or more input path parameters including a location parameter, a time parameter, and an identification of a user of the display device comprises: circuitry for transmitting a request for the mapped visual path, the request including at least one input path parameter indicative of a GPS location as the identification of the user of the display mobile device.  (*See* Ex. C-1, Figs. 1-9.)

40.     The Pixel series smartphones infringe claim 8 of the '729 Patent.  They meet the limitations of claim 1, and further, wherein circuitry for transmitting a request for the mapped visual path, the request including at least one or more input path parameters associated with the mapped visual path, the one or more input path parameters including least a location parameter, a time parameter, and an identification of a user of the display device comprises: circuitry for

transmitting a request for the mapped visual path, the request including at least one input path parameter indicative of at least one starting or ending location as the location parameter.  (*See* Ex. C-1, Figs. 1-9.)

41.     The Pixel series smartphones infringe claim 9 of the '729 Patent.  They meet the limitations of claim 1, and further, wherein circuitry for receiving the mapped visual path including at least one or more images of a predefined area related to the one or more input path parameters, the mapped visual path being an integration of the one or more images and the one or more input path parameters, the mapped visual path including at least one or more stitched images associated with one or more stitching operations performed on at least some of the one or more images comprises: circuitry for receiving the mapped visual path, the mapped visual path including at least one or more images of a predefined area including one or more base map tiles related to at least one layout of one or more streets, the one or more images of a predefined area indicated at least partially based on at least some of the one or more input path parameters, the mapped visual path being an integration of the one or more images and the one or more input path parameters, the integration of the one or more images and the one or more input path parameters including at least stitching at least some images at least partially related to the predefined area.  (*See* Ex. C-1, Figs. 1-9.)

42.     The Pixel series smartphones infringe claim 10 of the '729 Patent.  They meet the limitations of claim 1, and further, wherein circuitry for receiving the mapped visual path including at least one or more images of a predefined area related to the one or more input path parameters, the mapped visual path being an integration of the one or more images and the one or more input path parameters, the mapped visual path including at least one or more stitched images associated with one or more stitching operations performed on at least some of the one or

more images comprises: circuitry for receiving the mapped visual path, the mapped visual path including at least one or more images of a predefined area related to the one or more input path parameters, the mapped visual path being an integration of the one or more images and the one or more input path parameters, the integration of the one or more images and the one or more input path parameters including at least stitching at least some images at least partially related to at least one location received as an input path parameter.  (*See* Ex. C-1, Figs. 1-9.)

43.    The Pixel series smartphones infringe claim 11 of the '729 Patent.  They meet the limitations of claim 1, and further, wherein circuitry for displaying the mapped visual path comprises: circuitry for displaying, by the display device, the mapped visual path.  (*See* Ex. C-1, Figs. 1-9.)

44.    The Pixel series smartphones infringe claim 14 of the '729 Patent.  They meet the limitations of claim 1, and further, wherein circuitry for receiving the mapped visual path including at least one or more images of a predefined area related to the one or more input path parameters, the mapped visual path being an integration of the one or more images and the one or more input path parameters, the mapped visual path including at least one or more stitched images associated with one or more stitching operations performed on at least some of the one or more images comprises: circuitry for connecting to a server operably couplable to a mobile device to wirelessly receive the one or more images.  (*See* Ex. C-1, Figs. 1-9.)

45.    The Pixel series smartphones infringe claim 18 of the '729 Patent.  They meet the limitations of claim 1, and further, wherein circuitry for displaying the mapped visual path comprises: circuitry for displaying the mapped visual path, the mapped visual path being scrollable with respect to the predefined area.  (*See* Ex. C-1, Figs. 1-9.)

46.     The Pixel series smartphones infringe claim 23 of the '729 Patent.  They meet the limitations of claim 1, and further, wherein circuitry for receiving the mapped visual path including at least one or more images of a predefined area related to the one or more input path parameters, the mapped visual path being an integration of the one or more images and the one or more input path parameters, the mapped visual path including at least one or more stitched images associated with one or more stitching operations performed on at least some of the one or more images comprises: circuitry for receiving the mapped visual path, the mapped visual path being an integration of the one or more images and the one or more input path parameters, the integration including at least one image selected responsive to at least one transmitted input path parameter.  (*See* Ex. C-1, Figs. 1-9.)

47.     The Pixel series smartphones infringe claim 24 of the '729 Patent.  They meet the limitations of claim 1, and further, wherein circuitry for receiving the mapped visual path including at least one or more images of a predefined area related to the one or more input path parameters, the mapped visual path being an integration of the one or more images and the one or more input path parameters, the mapped visual path including at least one or more stitched images associated with one or more stitching operations performed on at least some of the one or more images comprises: circuitry for receiving the mapped visual path, the mapped visual path including at least one or more stitched images, the one or more images arranged by the one or more stitching operations for sequential display.  (*See* Ex. C-1, Figs. 1-9.)

48.     The Pixel series smartphones infringe claim 25 of the '729 Patent.  They meet the limitations of claim 1, and further, wherein circuitry for receiving the mapped visual path, the mapped visual path including at least one or more stitched images, the one or more images arranged by the one or more stitching operations for sequential display comprises: circuitry for

15

receiving the mapped visual path including the one or more images arranged by the one or more stitching operations for sequential display via at least one scrolling operation, the mapped visual path being scrollable with respect to the predefined area.  (*See* Ex. C-1, Figs. 1-9.)

49.    The Pixel series smartphones infringe claim 28 of the '729 Patent.  They meet the limitations of claim 1, and further, wherein the display device includes at least one of a device capable of only receiving and displaying data and images, a personal electronic assistant, a tablet personal computer, a laptop, a notebook computer, a mobile device, a cellular telephone, or a pager.  (*See* Ex. C-1, Figs. 1-9.)

50.    The Pixel series smartphones infringe claim 29 of the '729 Patent.  They meet the limitations of claim 1, and further, wherein circuitry for transmitting a request for the mapped visual path, the request including at least one or more input path parameters associated with the mapped visual path, the one or more input path parameters including a location parameter, a time parameter, and an identification of a user of the display device comprises: circuitry for transmitting, via a communications network, a request for the mapped visual path through at least one of an amusement park or a city, the request including at least one or more input path parameters associated with the mapped visual path.  (*See* Ex. C-1, Figs. 1-9.)

51.    As a result of Defendant's infringement of the '729 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,729,708

52.     Defendant directly or through its intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.*, Waze and Waze Carpool for iOS and Android ("Waze")) that infringe the claims of the '708 patent.

53.     Upon information and belief, Defendant has been and is now infringing claims 1, 2, 3, 4, 6, 9, 12, 14, 15, 19, 20, 21, 22, 23, and 25 of the '708 Patent in the State of Delaware, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale Waze covered by one or more claims of the '708 patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '708 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '708 Patent pursuant to 35 U.S.C. § 271(a).

54.     Waze infringes claim 1 of the '708 patent, it is a computer program product comprising computer readable storage media embedded with instructions for directing a mobile peer device to perform one or more acts comprising: connecting with a decision-making device; transmitting real-time location data of the mobile peer device to the decision-making device; downloading a route from the decision-making device, the route determined from the real-time location data of the mobile peer device and from real-time location data of at least one or more other mobile peer devices; displaying instructions for enabling the mobile peer device to meet a predetermined individual goal in accordance with an itinerary; displaying instructions for enabling the mobile peer device to meet a predetermined group goal in accordance with the itinerary, the predetermined group goal differing at least in part from the predetermined individual goal; identifying one or more itinerary alteration alternatives in a transmission to the decision-making device; and receiving from the decision-making device one or more processed

17

itinerary alterations, the one or more processed itinerary alterations providing one or more alternatives to the itinerary. (*See* Ex. D-1, Figs. 1-20.)

55.     Waze infringes claim 2 of the '708 patent. It meets the limitations of claim 1, and further comprising: wirelessly downloading the route to the mobile peer device and to at least one or more other mobile peer devices. (*See* Ex. D-1, Figs. 1-20.)

56.     Waze infringes claim 3 of the '708 patent. It meets the limitations of claim 1, wherein the downloading the route from the decision-making device includes: downloading the route to at least one or more other mobile peer devices which include one or more of electronic mapping devices, electronic personal assistants, cellular phones, pagers and/or computing devices. (*See* Ex. D-1, Figs. 1-20.)

57.     Waze infringes claim 4 of the '708 patent. It meets the limitations of claim 1, wherein the identifying one or more itinerary alteration alternatives includes: identifying an itinerary alteration alternative that includes one or more projected times for an event described in the itinerary. (*See* Ex. D-1, Figs. 1-20.)

58.     Waze infringes claim 6 of the '708 patent.  It meets the limitations of claim 1, wherein the displaying instructions for enabling the mobile peer device to meet a predetermined individual or group goal includes: displaying to the mobile peer device a map and/or directions for the route. (*See* Ex. D-1, Figs. 1-20.)

59.     When placed into operation by Defendant or its end users, Waze infringes claim 9 of the '708 patent.  It performs the method for a mobile peer device to receive a routing in real time to provide a route for the mobile peer device to follow an itinerary, the method comprising: connecting with a decision-making device; transmitting real-time location data of the mobile peer device to the decision-making device; downloading the route from the decision-making

device, the route determined from the real-time location data of the mobile peer device and from real-time location data of at least one or more other mobile peer devices; displaying instructions for enabling the mobile peer device to meet a predetermined individual goal in accordance with the itinerary; displaying instructions for enabling the mobile peer device to meet a predetermined group goal in accordance with the itinerary, the predetermined group goal differing at least in part from the predetermined individual goal;. identifying one or more itinerary alteration alternatives in a transmission to the decision-making device; and receiving from the decision-making device one or more processed itinerary alterations, the one or more processed itinerary alterations providing one or more alternatives to the itinerary. (*See* Ex. D-1, Figs. 1-20.)

60.     When placed into operation by Defendant or its end users, Waze infringes claim 12 of the '708 patent.  It performs the method of claim 9 and further, wherein the identifying one or more itinerary alteration alternatives includes: identifying a predetermined individual or group goal that includes one or more projected times for a location described in the itinerary. (*See* Ex. D-1, Figs. 1-20.)

61.     When placed into operation by Defendant or its end users, Waze infringes claim 14 of the '708 patent.  It performs the method of claim 9 and further, wherein the connecting with the decision-making device includes: connecting with the decision-making device, wherein the decision-making device comprises a server or at least one or more other mobile peer devices. (*See* Ex. D-1, Figs. 1-20.)

62.     When placed into operation by Defendant or its end users, Waze infringes claim 15 of the '708 patent.  It performs the method of claim 9 and further comprising updating the route based on real-time location data received from at least one or more other mobile peer

devices; and downloading an updated route from the decision-making device to the mobile peer device and to at least one or more other mobile peer devices. (*See* Ex. D-1, Figs. 1-20.)

63.     When placed into operation by Defendant or its end users, Waze infringes claim 19 of the '708 patent.  It performs the method of claim 9 further comprising: broadcasting the route to at least one or more other mobile peer devices via one or more of a wireless local area network (WLAN), a cellular system, a global positioning system (GPS), a radio frequency system, an infrared system, an IEEE 802.11 system, and/or a wireless Bluetooth system. (*See* Ex. D-1, Figs. 1-20.)

64.     When placed into operation by Defendant or its end users, Waze infringes claim 20 of the '708 patent.  It performs the method of claim 9, wherein the downloading the route from the decision-making device includes: downloading the route to the mobile peer device via one or more of a wireless local area network (WLAN), a cellular system, a global positioning system (GPS), a radio frequency system, an infrared system, an IEEE 802.11 system, and/or a wireless Bluetooth system. (*See* Ex. D-1, Figs. 1-20.)

65.     When placed into operation by Defendant or its end users, Waze infringes claim 21 of the '708 patent. It performs the method of claim 9 wherein the downloading the route from the decision-making device includes: downloading the route to one of the following type of mobile peer device: electronic mapping device, electronic personal assistant, cellular phone, pager, and/or computing device. (*See* Ex. D-1, Figs. 1-20.)

66.     When placed into operation by Defendant or its end users, Waze infringes claim 22 of the '708 patent. It performs the method of claim 9 wherein the displaying instructions for enabling the mobile peer device to meet a predetermined individual or group goal includes:

displaying to the mobile peer device a map and/or directions for the route. (*See* Ex. D-1, Figs. 1-20.)

67.     When placed into operation by Defendant or its end users, Waze infringes claim 23 of the '708 patent. It performs the method of claim 9, further comprising: downloading to at least one or more other mobile peer devices a map and/or directions for the route. (*See* Ex. D-1, Figs. 1-20.)

68.     When placed into operation by Defendant or its end users, Waze infringes claim 25 of the '708 patent. It performs the method of claim 9 wherein the identifying one or more itinerary alteration alternatives includes: identifying a predetermined individual or group goal that includes one or more projected times for an event described in the itinerary. (*See* Ex. D-1, Figs. 1-20.)

69.     As a result of Defendant's infringement of the '708 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 8,107,691

70.     Defendant directly or through its intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.*, Google Streetview "(Streetview)") that infringes claims 15, 16, 18, and 19 of the '691 patent.

71.     Upon information and belief, Defendant has been and is now infringing claims 15, 16, 18, and 19 of the '691 Patent in the State of Delaware, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale Streetview, covered by one or more claims of the '691 Patent to

the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '691 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '691 Patent pursuant to 35 U.S.C. § 271(a).

72.     Streetview infringes claim 15 of the '691 patent as it is a computer system comprising: a processor; a memory coupled to the processor; an image module coupled to the memory, the image module including: a data store configurable to hold one or more images of a predefined area; and an integration module configured to integrate the one or more images and generate a visual path through the predefined area, said integration including receiving an identifier associated with an object on at least one of the one or more images, the identifier indicative of an action to be taken with respect to the object, and wherein said receiving includes matching the object to a class of persons, the object acted upon according to an association with the class of persons. (*See* Ex. E-1, Figs. 1-6.)

73.     Streetview infringes claim 16 of the '691 patent as it meets the limitations of claim 15 and further comprises a transmitter coupled to the processor, the transmitter configurable to transmit the visual path to a mobile device wirelessly connected to the computer system. (*See* Ex. E-1, Figs. 1-6.)

74.     Streetview infringes claim 18 of the '691 patent as it meets the limitations of claim 15 and further wherein the integration module is configurable to operate with an image stitching application. (*See* Ex. E-1, Figs. 1-6.)

75.     Streetview infringes claim 19 of the '691 patent as it meets the limitations of claim 15 and further wherein the integration module is configured to receive one or more images of a user via one or more of a transmission from the user and/or a live feed from an internet source. (*See* Ex. E-1, Figs. 1-6.)

76.     As a result of Defendant's infringement of the '691 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## COUNT XI
## INDUCED INFRINGEMENT

77.     Upon information and belief, Defendant has been and is now inducing the infringement by its end users of the claims 1, 4, 5, 9, and 10 of the '073 Patent, claims 1 and 2 of the '027 Patent, and claims 9, 12, 14, 15, 19, 20, 21, 22, 23, and 25 of the '708 Patent (collectively, the "Inducement Claims") in the State of Delaware, in this Judicial District, and elsewhere in the United States by, among other things, making, using, selling, and/or offering for sale the Waze, Google Maps for iOS and Android, and the Pixel series smartphones to the injury of Plaintiff.  Defendant's end users are directly infringing, literally infringing, and/or infringing the Inducement Claims under the doctrine of equivalents.   Defendant is thus liable for infringement of the Inducement Claims pursuant to 35 U.S.C. § 271(b).

78.     As shown above, Defendant has and continues to directly infringe the Inducement Claims by its end users in accordance with 35 U.S.C. § 271(b).

79.     As shown above, Defendant and its end users have engaged in and currently engage in activities that constitute direct infringement of the Inducement Claims.

80.     As shown above, the operation and use by Defendant or its end users of the Google Maps for iOS and Android and the Pixel series smartphones constitutes direct infringement of claims 1, 4, 5, 9, and 10 of the '073 Patent, and claims 1 and 2 of the '027 Patent.

81.     As shown above, the operation and use by Defendant or its end users of Waze constitutes direct infringement of claims 9, 12, 14, 15, 19, 20, 21, 22, 23, and 25 of the '708 Patent.

82.     Defendant's affirmative act of selling and/or offering for sale the Accused Instrumentalities and providing instruction, advertisement of the infringing features, and support for the Accused Instrumentalities have induced and continues to induce Defendant's end users to use the Accused Instrumentalities in its normal and customary way to infringe the Inducement Claims.

83.     Through its making, selling, and/or offering for sale the Accused Instrumentalities, Defendant specifically intends that its resellers and end-users directly infringe the Inducement Claims.  Defendant has had knowledge of the Asserted Patents since the filing of this complaint, and actually induces others, such end-use customers, to directly infringe by using, selling, supplying, and or distributing the Accused Instrumentality within the United States. Defendant is aware since at least the filing of this complaint, that such actions would induce actual infringement.  Furthermore, Defendant remains aware that these normal and customary activities would infringe the Inducement Claims.

84.     For example, in connection with the sale and/or offering for sale of the Accused Instrumentality, Defendant provides instructions and support to resellers and end-use customers regarding the user and operation of the Accused Instrumentalities.  Specifically, Defendant provides             advertisements             and             support,             *see*,             *e.g.*, https://support.google.com/maps/?hl=en#topic=3092425, https://support.google.com/waze/?hl=en#topic=6273402,                             and https://support.google.com/pixelphone/?hl=en#topic=9153446.   When end-users follow such

instructions and support, they directly infringe the Inducement Claims. Defendant knows or should have known that by providing such instructs and support, resellers and end-use customers follow these instructions and support and directly infringe the Inducement Claims.

85. Accordingly, Defendant has performed and continues to perform acts that constitute indirect infringement, and would induce actual infringement, with the knowledge of the Inducement Claims and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

## **PRAYER FOR RELIEF**

Plaintiff requests that the Court find in their favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant has induced infringement of claims 1, 4, 5, 9, and 10 of the '073 Patent, claims 1 and 2 of the '027 Patent, and claims 9, 12, 14, 15, 19, 20, 21, 22, 23, and 25 of the '708 Patent.

c. Judgment that Defendant accounts for and pay to Plaintiff all damages and costs incurred by Plaintiff, caused by Defendant's infringing activities and other conduct complained of herein;

d. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury or any issues so triable by right.

October 15, 2018

OF COUNSEL:

Neal G. Massand
Hao Ni
Timothy Wang
Stevenson Moore
Ni, Wang & Massand, PLLC
8140 Walnut Hill Ln., Ste. 310
Dallas, TX 75231
(972) 331-4600
nmassand@nilawfirm.com
hni@nilawfirm.com
twang@nilawfirm.com
smoore@nilawfirm.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
Sara E. Bussiere (#5725)
600 N. King Street, Suite 400
Wilmington, DE  19801
(302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

***ATTORNEYS FOR PLAINTIFF***
***LOCATION BASED SERVICE, LLC***